UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENNIE M. GALLOWAY,

    Plaintiff,

v.

                               Case No. 25-cv-1726-pp

MOTHER OF GOOD COUNSEL, *et al.*,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

On November 5, 2025, the plaintiff—who is representing herself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that the plaintiff was subjected to race discrimination during her employment with Mother of Good Counsel. Dkt. No. 1 at 2–3. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will require the plaintiff to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that she is married with no dependents, and that neither she nor her spouse are employed. Dkt. No. 2 at 1. She states that her spouse receives $1,908 per month in disability payments. Id. at 2. The plaintiff previously earned $1,720.90 per month from employment before losing her job in October 2025. Id. The plaintiff states that she has monthly expenses totaling $2,680.50, including $471.50 for housing, $670 for car payments, $264 for credit card payments, $150 for gas and electric service, $102 for cell phone service, $90 for internet service, $200 for groceries, $455 for car insurance and $278 for taxes. Id. at 2–3. She states that she owns her home and one car, she has $4,000 in savings and she owns no other property of value. Id. at 3–4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant her motion for leave to proceed without doing so. The court advises the plaintiff, however, that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without

2

Case 2:25-cv-01726-PP    Filed 12/29/25    Page 2 of 12    Document 4

*prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as she is able.

## II. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and

3

conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B.     The Complaint

The complaint alleges that the plaintiff suffered racial discrimination during her employment. Dkt. No. 1. The plaintiff alleges that Mother of Good Counsel's[1] "principle," Michelle Hagen, let Judy Gusterfer, a Caucasian employee, "be out sick for days." Id. at 2. The plaintiff alleges that when, upon Judy's return, the plaintiff asked Judy to bring in a doctor's note, Judy told Michelle and Michelle told the plaintiff that Judy "did not have to have an excuse" and that "they dont do that." Id. The plaintiff alleges that when she returned to work after being hospitalized for four days in August 2025, Michelle told the plaintiff that the plaintiff needed to provide "a doctor's excuse with restrictions." Id. The plaintiff alleges that she "got the restrictions" but that Michelle "wanted more before her and Priest Reed let [the plaintiff] come back to work." Id. at 2–3.

The plaintiff alleges that she is a cancer patient undergoing chemotherapy, but that Michelle "added more hours to [the plaintiff's] work day." Id. at 3. The plaintiff explains that she was a director for a "before and after school program" and that she originally worked from 6:30 a.m. to 9:30 a.m. and from 2 p.m. to 5 or 6 p.m. Monday through Friday. Id. She alleges

---

[1] Although the plaintiff does not describe what Mother of Good Counsel is, there is a middle school located in Mother of Good Counsel parish in Milwaukee (https://www.mgcparish.org/school); the school is at 3001 N. 68th Street, which is the address the plaintiff provided in the complaint (Dkt. No. 1 at 2).

4

Case 2:25-cv-01726-PP    Filed 12/29/25    Page 4 of 12    Document 4

that Michelle "changed [the plaintiff's] time" to work from 10 a.m. to 6 p.m. Monday through Friday. Id. The plaintiff alleges that this was stressful for her because she was tired from her chemotherapy treatments. Id.

The plaintiff states, "[e]verytime I tried to put anything place for my staff if they didn't like it or want to do it [Michelle] would cancel it out" and "they put me under a tremendous amount of mental stress as well as discrimination." Id. She alleges that she was the only African American employee in her department until she hired Tiara Wright, another African American. Id. The plaintiff alleges that Judy and "Julie B." asked questions about Tiara, including how much Tiara was being paid per hour. Id. The plaintiff alleges that Judy and Julie tried "to break open the file cabinet to the information about Tiara Wright." Id. The plaintiff states that Michelle then asked the plaintiff about Tiara's pay rate; the plaintiff responded that she set Tiara's pay rate based on Tiara's experience and level. Id. The plaintiff alleges that she told Michelle that the plaintiff did not hire the other two ladies (presumably Judy and Julie B.). Id. The plaintiff alleges that Priest Reed was "over" her, "but he let Michelle have all the power even though he was told what was happening." Id. The plaintiff alleges, "Kristine Wolf had Katie Berthold to [i]nitial my [i]nitials on legal documents without [my] permission." Id. The plaintiff states that when she "asked her why nothing happen[e]d!" Id.

The plaintiff alleges that she was "forced to resign" due to stress. Id. Under the "relief wanted" section of the complaint, the plaintiff states that she

5

wants "monetary compensation in the amount of 2 million dollars after tax, court fees and lawyer fees and jail time (criminal charges)." Id. at 4.

C. Analysis

Although the complaint does not cite any statutes, Title VII of the Civil Rights Act of 1964 prohibits—among other things—employment discrimination based on race. 42 U.S.C. §2000e-2(a). To allege race discrimination under Title VII, the plaintiff must allege that "[1] [s]he is a member of a class protected by the statute, [2] . . . [s]he has been the subject of some form of adverse employment action (or that [s]he has been subjected to a hostile work environment), and (3) . . . the employer took this adverse action on account of the plaintiff's membership in the protected class." Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (citation omitted). The screening standard for Title VII employment discrimination claims is lenient: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777 (7th Cir. 2022) (citations omitted).

The plaintiff alleges that she is an African American who was treated differently than a Caucasian coworker. The plaintiff alleges that her supervisor required that she submit a doctor's note to excuse her absences from work, but did not require her coworker to do the same. The plaintiff also alleges that she was scrutinized for hiring another African American employee, Tiara Wright, and for paying Wright a different wage than employees Judy and Julie B. were paid.

6

The actions that the plaintiff describes in the complaint likely do not qualify as a materially adverse action under the law. "'A materially adverse employment action is something 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" Nichols v. S. Ill. Univ.-Edwardsville, 510 F.3d 772, 780 (7th Cir. 2007) (quoting Rhodes v. Ill. Dep't of Transp., 359 F.3d 498, 504 (7th Cir. 2004)). This may include "unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." Barton v. Zimmer, Inc., 662 F.3d 448, 453–54 (7th Cir. 2011). This category of adverse action "includes severe and pervasive harassment: 'mistreatment of an employee by coworkers or supervisors that is sufficiently severe to worsen substantially [her] conditions of employment as they would be perceived by a reasonable person in the position of the employee.'" West v. Radtke, 48 F.4th 836, 849 (7th Cir. 2022) (quoting Herrnreiter v. Chi. Hous. Auth., 315 F.3d 742, 745 (7th Cir. 2002)).

The facts alleged in the complaint are sparse, and it is difficult for the court to tell whether they rise to the level of severe or pervasive harassment. The plaintiff alleges that she had to submit a doctor's note for an absence when another employee did not, but it is not clear how this isolated incident could or would create a hostile or unbearable work environment. The plaintiff alleges that she was questioned about her decision to hire Tiara Wright but does not explain whether she suffered any consequences as a result of hiring Wright, or suffered consequences for the way she set Wright's pay. The plaintiff alleges that she was forced to resign due to stress, but her own perception of the work

7

Case 2:25-cv-01726-PP    Filed 12/29/25    Page 7 of 12    Document 4

environment is not enough. The plaintiff must show that she was "forced to resign because [her] working conditions, *from the standpoint of a reasonable employee*, had become unbearable." Dawson v. City of Chicago, 648 F. Supp. 2d 1057, 1070 (N.D. Ill. 2009) (citing Fischer v. Avanade, Inc., 519 F.3d 393, 408–09 (7th Cir. 2008)) (emphasis added). The complaint lacks these allegations, and so it does not state a claim for race discrimination under Title VII. The court will give the plaintiff an opportunity to amend her complaint to provide additional facts about her work environment and any adverse actions she allegedly suffered because of her race.

The plaintiff also mentions in the complaint that she was undergoing treatment for cancer, so it is possible she is trying to state a disability discrimination claim. A cancer diagnosis may be considered a disability under the Americans with Disabilities Act (ADA). See Castetter v. Dolgencorp, LLC, 953 F.3d 994, 997 (7th Cir. 2020). "A disability discrimination claim under the ADA requires proof that: (1) the plaintiff was disabled; (2) the plaintiff was otherwise qualified to perform essential functions with or without reasonable accommodation; and (3) disability was the 'but for' cause of the adverse employment action." Id. at 996 (citing Scheidler v. Indiana, 914 F.3d 535, 541 (7th Cir. 2019)).

The plaintiff alleges that while she was undergoing chemotherapy, Michelle adjusted the plaintiff's work schedule from two shorter shifts to one longer shift. Changes in schedule assignments generally are not adverse employment actions. Peters v. Wal-Mart Stores E., LP, 512 F. App'x 622, 626

(7th Cir. 2013). The plaintiff does not explain whether she asked to return to her previous schedule or otherwise communicated to her employer that she needed an accommodation due to her cancer treatments or that her employer refused to accommodate her needs. Absent more information, the court cannot conclude that the plaintiff has stated a claim for disability discrimination under the ADA. As it has done with the race discrimination claim, the court will allow the plaintiff to amend her complaint to provide more information about any adverse actions she suffered due to her disability.

There are two other potential issues with the plaintiff's complaint. First, the plaintiff brought her complaint against her former employer and several coworkers and supervisors. Employment discrimination claims under Title VII and the ADA cannot be brought against individuals in their individual capacities. See Williams v. Banning, 72 F.3d 552, 553–55 (7th Cir. 1995). The plaintiff can bring such claims only against her employer—Mother of Good Counsel. The court will dismiss with prejudice the individual defendants.

Second, there are some administrative prerequisites to filing a discrimination lawsuit (race or disability), and the court cannot determine whether the plaintiff has satisfied those prerequisites. A plaintiff bringing a claim of employment discrimination must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or its state agency equivalent (the Wisconsin Department of Workforce Development Equal Rights Division) within 300 days of the alleged discriminatory act and wait to bring her case in court until receiving a "right to sue" letter from the EEOC. Doe v.

9

Oberweis Dairy, 456 F.3d 704, 708 (7th Cir. 2006) (citations omitted). "The purpose of these requirements is both to give the Commission a chance to investigate the charge and decide whether to sue, and to encourage the complainant and the employer, with or without the state agency's or EEOC's assistance, to resolve their dispute informally." Id. (citations omitted). The plaintiff has not alleged that she filed a charge with the EEOC or that she has received a right-to-sue letter. If the plaintiff has received a right-to-sue letter, she should include that with her amended complaint.

### III. Miscellaneous

For all these reasons, the court must dismiss the plaintiff's complaint, but it will do so "without prejudice." That means that the plaintiff may, if she chooses to, file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things she should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting her claims; she cannot simply tell the court to go back and look at what she alleged in her original complaint. With this order, the court is sending a blank amended complaint form. The plaintiff must use this form in preparing her amended complaint. She must put the case number for this case—25-cv-1726—in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of her claims; if that is not enough space, she may

10

Case 2:25-cv-01726-PP   Filed 12/29/25   Page 10 of 12   Document 4

use up to three additional, double-spaced pages. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint. The plaintiff must bring claims only against her employer. She cannot name individuals as defendants.

If the plaintiff chooses to file an amended complaint, she must file it in time for the court to *receive* it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss this case without further notice or hearing.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that individual defendants Michelle Hagen, Priest Reed, Kristine Wolf, Katie Berthold and Judy Gusterfer are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that the complaint as to Mother of Good Counsel is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, she must file an amended complaint in time for the court to *receive it* by the end of the day on **January 30, 2026**. If the court receives an amended complaint by day's end on January 30, 2026, the court will screen that complaint to determine whether it states a claim for which this federal court may grant relief. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on January

11

30, 2026, the court will dismiss this case for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 29th day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**