UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENNIE M. GALLOWAY,

Plaintiff,

v.

Case No. 25-cv-1726-pp

MOTHER OF GOOD COUNSEL
CATHOLIC SCHOOL,

Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

On January 28, 2026, the plaintiff—representing herself—filed an amended complaint alleging that her former employer had subjected her to a hostile work environment and had discriminated against her based on her race in violation of Title VII of the Civil Rights Act of 1964. Dkt. No. 5. The amended complaint states that after the plaintiff "was forced to resign" on October 20, 2025,

> Plaintiff contacted EEOC but was unable to speak to anyone due to the Government Shutdown. Plaintiff continued to pursue administrative remedies diligently and has since been scheduled for an EEOC appointment on July 2, 2026. Plaintiff asserts that any delay in exhaustion was caused by extraordinary circumstances and respectfully requests that the court apply [equitable] tolling. Plaintiff intends to supplement this action with a Right-to-Sue notice if required by court.

Id. at 6.

1

Before bringing a Title VII claim, a plaintiff must exhaust her administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter. Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019) (citing Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992)). First, she must file a charge of discrimination with the EEOC or the state Equal Rights Division within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. §2000e-5(e). Once she receives a right-to-sue notice from the EEOC, the plaintiff has ninety days to file a lawsuit in court. 42 U.S.C. §2000e-5(f)(1). "The purpose of these requirements is both to give the Commission a chance to investigate the charge and decide whether to sue, and to encourage the complainant and the employer, with or without the state agency's or EEOC's assistance, to resolve their dispute informally" without litigation. Doe v. Oberweis Dairy, 456 F.3d 704, 708 (7th Cir. 2006).

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); it is "a defense to a Title VII claim," Worth v. Tyler, 276 F.3d 249, 259 (7th Cir. 2001). A plaintiff generally does not have to anticipate in her complaint what defenses the defendant may raise, but a plaintiff may plead herself out of court by "alleging facts that are sufficient to establish the defense." Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006). That means that a plaintiff's Title VII suit "can be dismissed if it is clear that the plaintiff did not receive a right-to-sue notice (rendering the suit

2

premature)." <u>Bell v. DeJoy</u>, Case No. 24-1478, 2024 WL 4948846, at *3 (7th Cir. Dec. 3, 2024).

It is clear from the plaintiff's amended complaint that she has not exhausted her administrative remedies and has not received a right-to-sue letter. The plaintiff explains that she attempted to contact the EEOC after she resigned but was unable to file a charge due to the government shutdown. She asks the court to apply the doctrine of equitable tolling. "Equitable tolling, however, is reserved for situations in which the claimant 'has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing [her] complaint in time.'" <u>Threadgill v. Moore U.S.A., Inc.</u>, 269 F.3d 848, 850 (7th Cir. 2001) (quoting <u>Jones v. Madison Service Corp.</u>, 744 F.2d 1309, 1314 (7th Cir.1984)). In the Title VII context, equitable tolling may extend the deadline for the plaintiff to file a charge of discrimination with the EEOC or to file a court case after receiving her right-to-sue notice.

But there is no need for the court to apply the equitable tolling doctrine, because it appears that the plaintiff's federal lawsuit is premature. The amended complaint alleges that the plaintiff was forced to resign from her job on October 20, 2025. Dkt. No. 5 at 4. She needs to file her EEOC complaint within 300 days of that date—that is, by August 16, 2026. She asserts that she has a scheduled meeting with the EEOC on July 2, 2026, over a month before her 300-day deadline. When she attends that meeting, she will have a chance to find out whether the EEOC will investigate on her behalf or issue her a right-

3

to-sue notice. If she gets a right-to-sue notice, she then may file a lawsuit within ninety days. But right now, the plaintiff has not yet received a right-to-sue notice, so there is no filing deadline for the court to extend.

Because the plaintiff has clearly stated that she has not exhausted her administrative remedies, the court will dismiss this case without prejudice. That means if the parties are unable to resolve their dispute through the EEOC process, the plaintiff may file a new case once she has received her right-to-sue notice.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 16th day of March, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4